UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES MUTKA, an individual

    Plaintiff,

v.                                                  Case No: 2:18-cv-539-FtM-38MRM

TOP HAT IMPORTS, LLC,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff James Mutka's Motion for Final Default Judgement. (Doc. 16). Defendant Top Hat Imports, LLC has not responded, and the time to do so has expired. For the reasons below, the Court grants in part and denies in part the motion.

## **BACKGROUND**

Mutka sues Top Hat for age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"). In 2011, Top Hat hired Mutka who was then fifty-seven years old. (Doc. 1 at ¶¶ 9-10). For the next seven years, Mutka exceeded his performance goals and was a "very qualified" service manager. (*Id.* at ¶¶ 11-12). All that changed when Mutka approached retirement. In early 2018, Top Hat's owner made "comments about Mutka getting older and asked him to tell others that he would be retiring shortly." (*Id.* at ¶ 14). Top Hat also pressured

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Mutka to retire. When Mutka did not comply, the company fired him. (*Id.* at ¶¶ 15-16). It also replaced Mutka with someone younger and less qualified. (*Id.* at ¶ 17). This suit ensued. When Top Hat did not answer or otherwise defend against this action, the Court granted Mutka a clerk's default under Federal Rule of Civil Procedure 55(a). (Doc. 14). Mutka now moves for a final default judgment. (Doc. 15).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default judgments. A default judgment is a two-step process. A plaintiff first seeks a Clerk's entry of default under Rule 55(a). At this step, the court must decide whether the plaintiff properly served the defendant. *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014). If service is proper, the court will direct the Clerk of Court to enter default.

The plaintiff then moves for a default judgment when his claim is not for a sum certain. Fed. R. Civ. P. 55(b)(2). Entry of a default by the Clerk alone does not warrant a default judgment. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). There must be a sufficient basis in the pleadings for the relief sought. "Thus, before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint . . . actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* In undertaking this analysis, the defendant admits the complaint's well-pleaded factual allegations. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d

1200, 1206 (5th Cir. 1975).² But the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

In deciding the complaint's sufficiency, the court applies the same standard as a motion to dismiss. This standard means "a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a court must accept the well-pleaded allegations of a complaint as true, it is not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. And if a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," the complaint fails to state claim. *Twombly*, 550 U.S. at 570.

Finally, a defendant does not admit a plaintiff's allegations about damages because of the default. The court must independently decide the amount and character of damages. *Caldwell v. Compass Entm't Grp. LLC*, No. 6:14-CV-1701-ORL-41TBS, 2016 WL 7136181, at *2 (M.D. Fla. Feb. 4, 2016).

## DISCUSSION

The ADEA and FCRA prohibit employers from firing employees because of their age. 29 U.S.C. § 623(a)(1); Fla. Stat. § 760.10(1)(a). To plead an age discrimination

---

² The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

claim, a plaintiff must allege that he (1) was a member of a protected class; (2) was subject to an adverse employment action; (3) was qualified for the position; and (4) was replaced by a younger person. *Liebman v. Metropolitan Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015). Here, the Complaint alleges these facts: Mutka was born in 1954, Top Hat fired him, Mutka was replaced by someone much younger than him, and Mutka "always met and exceeded performance goals." (Doc. 1 at ¶¶ 10-12, 16-17). Because these allegations state a plausible claim for age discrimination, default judgment on Counts I and II is warranted.

The ADEA and FCRA also prohibit an employer from retaliating against an employee because he complains about unlawful discrimination. 29 U.S.C. § 623(d); Fla. Stat. § 760.10(7). "To establish a *prima facie* case of retaliation, a plaintiff must show that: []he engaged in statutorily protected activity; (2) []he suffered a materially adverse action; and (3) []he established a causal link between the protected activity and the adverse action." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018) (citing *Trask v. Sec'y Dep't of Veterans Affairs*, 822 F.3d 1179, 1193-94 (11th Cir. 2016)). The first and third factors are problematic here. To satisfy the first factor, a plaintiff must show he objected to discriminatory conduct to clearly alert his employer about violating the law. *See Verna v. Public Health Trust of Miami-Dade Cty.*, 539 F. Supp. 2d 1340, 1357 (S.D. Fla. 2008) (citing *Marcelin v. Eckerd Corp. of Fla.*, No. 04-CV-491-T-17, 2006 WL 923745, at *8 (M.D. Fla. 2006)). The third factor requires that the decision maker "be aware of the protected conduct at the time of the adverse employment action." *Id.*

Although the Complaint alleged that Mutka "objected to Defendant's age discrimination and attempts to pressure him into retiring," it does not allege the content

or manner of any objection, when any objection was made, or to whom any objection was directed. (Doc. 1 at ¶ 18, 22). Without such allegations, it is unclear if Mutka's objection qualifies as statutorily protected activity or if the person who fired him knew of his objection. Mutka's conclusory allegation that his "objection to age discrimination constitute [sic] a protected activity because such requests were in furtherance of rights secured to him by law" is not simply enough. (Doc. 1 at ¶¶ 51, 61). The Court thus denies default judgment on Counts III and IV.

Turning to damages, Plaintiff seeks back pay, front pay, liquidated damages, and noneconomic damages. Mutka requests a hearing on damages because the amounts are not a liquidated sum and cannot be determined by a mathematical calculation. The Court agrees and will set a damages hearing.

Accordingly, it is now

**ORDERED:**

1. Plaintiff James Mutka's Motion for Final Default Judgment (Doc. 16) is **GRANTED**.

2. The Court will hold a hearing to determine damages on Mutka's claims on **December 20, 2018, at 9:30 a.m.** in Courtroom 5D of the United States Courthouse and Federal Building, 2110 First Street, Fort Myers, FL 33901.

3. The Clerk of the Court is **DIRECTED** to mail a copy of this Opinion and Order and any notice of hearing to Defendant Top Hat Imports, LLC at its last known address in the Court file.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of November 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record